UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
)
UNITED STATES OF AMERICA,                         )
)
                *Petitioner*,              )
  - against -                                  )  Miscellaneous Action
)  No.
YAKOV GRUNIS, OWNER                                )
ESTER DELI CORPORATION,                            )  **MISC14 1294**
)
                *Respondent*.                )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
CLERK
2014 OCT 16 PM 3: 45
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

WEINSTEIN, J.

MEMORANDUM OF LAW IN SUPPORT OF PETITION
TO ENFORCE INTERNAL REVENUE SUMMONS

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
Attorney for Petitioner
271 Cadman Plaza East — 7th Floor
Brooklyn, New York  11201

KELLY HORAN FLORIO
Assistant United States Attorney

The United States of America hereby respectfully submits this memorandum of law in support of its petition to enforce an Internal Revenue Service summons duly issued and served on respondent Yakov Grunis, as Owner of Ester Deli Corporation, pursuant to Internal Revenue Code § 7602, 26 U.S.C. § 7402(b).

## STATEMENT OF FACTS

Petitioner incorporates the facts set forth in the petition and in the supporting declaration of Revenue Agent Margarita Villafane as if fully set forth herein. In brief, those submissions demonstrate that the summons in question was issued in accordance with proper administrative steps seeking testimony and records as part of an investigation of the taxpayer respondent, Yakov Grunis, as Owner of Ester Deli Corporation. Respondent has not appeared and has not produced any documents called for in the summons.

## ARGUMENT

### RESPONDENT'S FAILURE TO OBEY THE I.R.S. SUMMONS SUBJECTS HIM TO THE COMPULSORY PROCESSES OF THIS COURT

**A.     Pertinent Statutory Provisions**

Section 7402 of the Internal Revenue Code provides, in part, as follows:

> (b) <u>To Enforce Summons</u>. -- If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

26 U.S.C. § 7402. Moreover, Section 7602 of the Code provides as follows:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegates authorized --

> (1) To examine any books, papers, records or other data which may be relevant or material to such inquiry;
> (2) To summon . . . any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, . . . to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony under oath as may be relevant or material to such inquiry; and
> (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

26 U.S.C. § 7602. Finally, Section 7604 of the Code states in part:

> (a) <u>Jurisdiction of District Court</u>.--If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States District Court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

26 U.S.C. § 7604.

### B. **The Criteria for Enforcement**

The proper criteria for the enforcement of an Internal Revenue Service summons issued under 26 U.S.C. § 7602 are set forth in *United States v. Powell*, 379 U.S. 48 (1964). That case held that the government is required to make an initial showing

> that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed . . . .

*Powell*, 379 U.S. at 57-58. The Revenue Officer's declaration and the verified petition together demonstrate that these criteria have been amply satisfied in this case. Once this preliminary showing has been made, the burden shifts to the persons opposing enforcement of the summons to establish that enforcement would constitute an abuse of the Court's process. *Powell*, 379 U.S.

at 58; *see also Donaldson v. United States*, 400 U.S. 517 (1971); *Reisman v. Caplin*, 375 U.S. 440 (1964).

## CONCLUSION

For the foregoing reasons, and those stated in the petition and its annexed exhibits, respondent Yakov Grunis, as Owner of Ester Deli Corporation should be directed to appear before this Court to show cause why he should not be compelled to obey the mandate of the summons. Moreover, this Court should issue an order directing respondent Yakov Grunis, as Owner of Ester Deli Corporation to obey the summons, by ordering him to produce the records called for by the summons before a proper officer of the Internal Revenue Service, at such time and place as hereafter may be fixed by such officer, and by ordering him to appear for the purpose of giving testimony concerning the federal tax liabilities as to each and all of the tax periods under investigation. This Court should also grant the United States such other and further relief as it deems just, necessary, and proper.

Dated: Brooklyn, New York
October 15, 2014

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
Attorney for Petitioner
271 Cadman Plaza East — 7th Floor
Brooklyn, New York 11201

By: /s/ Kelly Florio
KELLY HORAN FLORIO
Assistant United States Attorney
(718) 254-6007

3